# T. G. CASS, JR.,

*v.*

# ENRIQUE BIRD ARIAS ET AL.

San Juan, Law, No. 618.

1. A crop or harvest year, even if that should be more than twelve months, and not a calendar year, is meant by a contract between the owner of a plantation and a manager who is to be paid chiefly by a share of the profits and in part by monthly advances of salary to be charged against the profits, but providing that "if, during the first year, there should be no profits," the proprietor will not have to make any advances for future years.

2. If either party to a contract misrepresents the facts and receives the other, the one who is deceived is entitled to end the contract for that reason.

3. One whose misrepresentation or deceit entitles the other party to end a contract which gave to each party an interest or share in the profits of the enterprise is not entitled to any recovery for such termination of the contract, if his interest or right thereby lost does not exceed the damage which the other sustained because of his deceit.

4. The incompetence and inexperience of one who made a contract for a term of years to manage a plantation in the raising of pineapples, but represented himself to be competent and experienced in such business, is sufficient to justify the proprietor in discharging him and ending the contract.

[Headnotes by editor.]

Case tried November 13, 1909.

Cass v. Arias.

A was the owner of a large plantation, and, desiring to culti-
vate pineapples upon the same, entered into a five-year contract
with B to plant and manage the same, A to furnish all money,
implements, and help in and about the premises. At the end
of about a year and a half, after a large amount of planting
had been done, which A alleged was a complete failure owing
to the incompetency of B, and, after A had spent more than ten
thousand dollars in such expenses, in the way of paying salary
and furnishing a house for B and paying for the labor, etc.,
and after, as he contended, seeing that the whole project was a
failure owing to the incompetency of B, excluded B from the
premises, and the latter brought suit. Held: That their dif-
ferences were matters entirely for the jury under proper in-
structions, which RODEY, Judge, gave to them as follows:

The plaintiff in this case sues the defendants for a wrongful
breach of contract and damages to him thereunder, and asks
judgment at your hands in his favor for the sum of $37,944
with the costs of the action. He specifies in his amended com-
plaint that this damage is made up of $31,000 on account of
the profit that would have accrued to him under the contract be-
tween the parties, had it not been for the action of the defend-
ants; $3,944.40 for plaintiff's interest in the pineapples and
profits that would have accrued to him from the first harvest,
as set forth in paragraph 4 of his amended complaint; and
$3,000 for loss of employment of plaintiff, inability to meet his
obligations, and loss of credit, as is set out in paragraph 6
of his complaint. The court instructs you that in no event could
the plaintiff in law recover this last item of $3,000. It is too
remote and you are not permitted to allow him anything on that
account.

Cass v. Arias.

On the other hand, the defendants deny any liability at all on any account to the plaintiff, and file a cross complaint against him wherein they allege that he has damaged them in the sum of $20,833.20, which is made up of $9,000 for money advanced for the planting of slips, cultivation of the crop, the price of the slips, etc., and $11,833.20 for the loss of profits that would have accrued to the defendants for their share of the first harvest, had it not been for the negligence, inexperience, mismanagement, and inefficiency of the plaintiff. They therefore ask you to ignore his claim against them as having no foundation in truth or in fact, and to give them an affirmative judgment against the plaintiff for the amount they thus claim.

It will thus be seen that the facts and claims surrounding the case are of such a character that it is peculiarly the duty of a jury of sensible men to find the truth and settle the rights of the parties under the law as given you by the court.

As you have seen, the defendants were the owners of a tract of land, and the plaintiff was supposed to be a person versed in the cultivation of pineapples. The parties entered into a written contract on July 24, 1907, that is before you, whereby the defendants were to furnish the land for the enterprise and pay all the costs and expenses of carrying it on, and the plaintiff was to have charge thereof and devote his whole time and attention to the same, and was to get 25 per cent of the net profits as his share in the undertaking, but he was also to get $30 per month as an advance, during the life of the contract, to be charged against his interest in the profits, besides an additional $30 per month for taking care of a cocoanut grove, etc., in which he had no profit-earning interest. It was also provided that, if during the first year there should be no profits, then the defend-

ants would not have to make the $30 per month advance for the future, during the life of the contract, on that account.

The court instructs you that although the contract (paragraph G) uses the language: "And if during the first year there should be no profits, Bird Brothers will not have to advance anything further for future years," still it would be unreasonable to hold, under all the facts and circumstances of this case, that this language meant a calendar year of twelve months, and therefore the court instructs you that it meant, and you must hold it to mean, a crop or harvest year, even should that be more than twelve months, because it is manifest that the intention of the parties referred to the profits of the first crop, and, if it took more than a year to raise it, that is what they meant.

The contract, as you will see, was for a period of five years with a possible renewal of the same by agreement thereafter, but it was provided (paragraph 1) that the same might be shortened if either party should so desire, but in such event the one desiring to end the contract should purchase the other's rights in the plantings.

Now, it is fundamental in law that when parties enter into a written contract of partnership, they are bound by the terms of that contract, but it is equally the law that when the minds of two people meet in making a contract, if either misrepresents the facts and deceives the other, and the one who is deceived thereafter breaks or ends the contract because of such misrepresentation or deceit, the law permits such person to do so, and if the damage the person breaking the contract has sustained by reason of the acts of the other equals any interest or right such other has in the partnership property, then the person breaking the contract is not liable in damages for his act.

Cass v. Arias.

Therefore, if you believe from a preponderance of the evidence in this case that the plaintiff here represented himself, either by himself or his friends, to be a person who had experience in and was well versed in the planting and raising of pineapples, and that such representations induced the other party to enter into the contract with him, and that in truth and in fact he did not have any such experience and was not such competent person, and that in consequence thereof the defendants sustained losses, and, were being injured by continuing the contract with him, they had a perfect right to end the same at any time, and to offset the damages, if any, which his action may have caused to them, against any then interest or right he may have had in the concern, if it was worth anything.

If, on the other hand, you believe from a preponderance of the evidence that the plaintiff had sufficient experience in and about the planting and raising of pineapples, and that he, by himself or others, did not misrepresent his qualifications to the defendants, and that he took hold of the enterprise, and in good faith proceeded to properly work and conduct the same, and. did his best in that regard, and that all losses, if any, that came about in the conduct of the enterprise, were the result of mishap, rain, or other unforeseen, natural, or other causes, not attributable to any fault or neglect of plaintiff, and that plaintiff was in all respects living up to his agreement, then the defendants had no right in law to wrongfully end the contract to plaintiff's damage. And while they might have ended it under the terms of the contract itself, they must, when they did so, pay him the full amount of the profits which would have accrued to him, did not the defendants so wrongfully cease to keep their end of the bargain; and it is your duty from the

Cass v. Arias.

evidence, as sensible men, to ascertain and assess what such damages would be, and to award every dollar of it to the plaintiff. In this regard you must take into consideration the fact that the contract was intended to be for five years and that neither was supposed to wrongfully terminate the same. But in this regard you are instructed that neither of the parties was obliged to continue sustaining loss if the continuance of the contract would, in your opinion from a preponderance of the evidence, have brought about that result.

You are instructed that if you believe from a preponderance of the evidence that the enterprise was a total failure, and that no profits were made during the first year of the contract, and that no profits could have been made from the plants existing in the plantation during the remaining years of the contract, then the plaintiff cannot recover.

You are further instructed that the plaintiff has the burden of proving all the allegations of his complaint, and especially the damages claimed by him, and the defendants have a like burden as to their cross complaint.

You are further instructed that because it may be difficult to assess the damages in this sort of a case on either side, that fact is no reason why you should not give damages to the party entitled to the same; and you must arrive at the amount of damages, from a preponderance of the evidence, by the exercise of your judgment as sensible men, under all the facts and circumstances of the case.

You are further instructed that the **provision** in their contract with reference to arbitration is **one they** had a right to put there, but such fact does not oust **this** court or any other court of its jurisdiction of the cause of **action between** the par-

Cass v. Arias.

ties. But you may take into consideration the evidence surrounding their efforts to arbitrate and settle their differences, in so far as the same may throw light upon the fact as to which of the parties was in the wrong about the whole matter; but the offers that one made and the other refused to accept, if you shall believe that any such thing occurred, not having been accepted by the other, are not finally binding on either of the parties here, save that they may throw light on the equities of the parties in the controversy between them.

As you will see, this is a case which requires the exercise of your judgment as sensible men. On the one hand, you must consider the surrounding circumstances, the importance of the enterprise, the large amount of time and money and services involved upon each side, and treat it all in the sensible and solemn way that men of judgment ought to. On the one hand, you must consider the duty that each owed to the other to act in good faith in all their doings; the large amount of money that had to be spent by the defendants and the large amount of capital involved to them. On the other hand, you must with equal sacredness consider the large amount of time which the plaintiff agreed to devote to the enterprise, the work and labor which he did in and about the same, and the improvements that he made thereon, the crops that he planted, the care and attention that he gave to the ditching and management of the land, and then measure the actions of each of the parties by all the surrounding facts and circumstances, and say whether, from a preponderance of the evidence, it is your opinion that the plaintiff was or was not competent or efficient, and whether he was or was not giving proper time, care, and attention to the enterprise, and whether the defendants did or did not in good

Cass v. Arias.

faith cease to carry out their end of the contract, and, of course, in this regard, you will have to determine whether any mishap or failure that came about regarding the crop or possible profits was or was not the result of the inefficiency or negligence of the plaintiff, and, if it was not, then the plaintiff could not be deprived of his interest in the enterprise without due compensation.

You are the sole judges of the weight of the evidence and of the credibility to be given all witnesses, and if you believe that any witness has wilfully sworn falsely as to any material fact in the case, you have a right to disregard the whole or any portion of such witness's testimony, unless the same is duly corroborated by other facts and circumstances in the case.

Remember that your own recollection of the evidence is what you must act on, and not on the statements of it made by counsel, if your recollection of it is different from theirs. Further, you must not pay any attention to statements of counsel which are submitted as evidence, and not as argument, unless evidence to that effect was actually introduced in the cause, because counsel are not sworn witnesses, and no one has had any chance to cross-examine them.

I need not warn you that your acquaintance or lack of acquaintance with either of the parties, or their riches or poverty, or their religion, race, or politics, must have no effect in your deliberations or as to your verdict. They both have exactly equal rights before this court and before you. Neither of them nor their attorneys have any right to ever question you for what you believe to be your duty in this case. It would be as much of an imputation against your integrity for them to do so as it would be for them to intimate that the court was not doing its

duty as its lights gave it to see the right. And it is of course presumed that neither the parties nor their attorneys have any expectation from you in this case, save that you will do your strict duty under your oaths between the parties.

This is but a civil case, and, while a large and important one, you ought to try to arrive at a verdict in it. As often explained before, civil causes are decided on a preponderance of the evidence, and the plaintiff is not obliged, as in criminal cases, to convince you beyond a reasonable doubt. Therefore, you should consult together and endeavor to arrive at a verdict, because a mistrial is expensive both to the island and to the parties, and the case has to go back on the docket in case you fail to agree. It is not meant by this to coerce any juror into giving up his opinion to others if he believes that by so doing injustice would supervene, but it is intended only to induce you to deliberate together as sensible men and in the hope that those of you who are of one opinion will either convince the others, by your sensible arguments, to agree with you, or that you will be convinced by them that you are wrong and ought to agree to their view.

As this on the one side is a plain action for damages for the breach of a contract, and on the other is a justification of such breach and a cross action for damages to the defendants, you are empowered to balance the equities of the parties within the amount claimed by each against the other in their complaint or cross complaint, beyond which amount respectively, as here limited and reduced, you cannot go in favor of such party; and when you have so balanced them, if you find that either side has a balance in its favor, that is the side and the party for which your affirmative verdict should be. Therefore, but one

V. Porto Rico—15.

form of verdict will be given you, which you must fill out to fit the occasion, and it will read: We, the jury, find for the plaintiff or defendants, as the case may be, and assess his or their damages, as the case may be, at the sum of blank dollars; blank foreman. When you have arrived at a verdict, it will be your duty to cause the same to be signed by one of your number as foreman, whom you will select for such purpose, and then all of you must return it into court. If you find that the accounts and equities between the parties are equal, and desire to return but a nominal verdict to carry the costs, you, of course, may do so, and may in such case return a verdict of $1 against the side which you believe, from a preponderance of the evidence and the law as here given you, ought in good conscience to pay the costs.

You will be permitted to take to the jury room the complaint, the amended complaint, the answer, the cross complaint, and the answer to the cross complaint, as well as the replications and all of the exhibits that have been introduced in evidence, as well as these instructions.

The foregoing were the instructions that I had prepared to give you, and were dictated previous to the beginning of the argument. As you have noticed, counsel for defendants, as he has a right to do, in his argument waived the claim of the defendants for an affirmative judgment on their cross complaint. Therefore, although you may consider the equities and the damages, if any, that the defendants were put to, and balance them against the rights, if any, of the plaintiff, you cannot, because of this waiver, find an affirmative verdict for the defendants. Therefore, the question of an affirmative verdict for the defendants is eliminated from the case, and the only question

Cass v. Arias.

remaining for you to find, under these instructions, is whether or not there is anything due from defendants to plaintiff, and if so, how much. And if you find that there is anything due, do not, because of this waiver of defendants, hesitate to give plaintiff a verdict therefor; but, on the other hand, if you find there is nothing due to the plaintiff, do not hesitate to say so, and find squarely for the defendants.

Therefore, instead of giving you one form of verdict as above set out, two will be given you; one reading: "We, the jury, find for the plaintiff, and assess his damages in the sum of blank dollars;" and the other reading: "We, the jury, find for the defendants."

The verdict was for the defendants.